UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL J. DAVIS,<br>          Plaintiff(s),<br>v.<br>WALMART, INC.,<br>          Defendant(s). | Case No. 2:22-cv-01888-APG-NJK<br>**Order**<br>[Docket No. 18] |

Pending before the Court is a stipulation to extend case management deadlines by two months. Docket No. 18.

The Ninth Circuit has repeatedly emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010). "When a request to extend case management deadlines is made by stipulation, courts may consider the joint nature of the request in deciding whether the circumstances warrant an amendment to the scheduling order. Nonetheless, courts addressing such requests are deciding at bottom whether to modify their own orders, an issue that need not be based necessarily on the promptings of the parties." *Williams v. James River Grp.*, ___ F. Supp. 3d ____, 2022 WL 4181415, at *3 (D. Nev. Sept. 13, 2022).

The instant stipulation is predicated on two reasons. First, the stipulation seeks more time because the parties are discussing settlement and wish to avoid the cost of three outstanding depositions. Docket No. 18 at 3-4. Settlement discussions are an ordinary aspect of federal litigation and do not constitute good cause to extend case management deadlines. *E.g.*, *Williams*, 2022 WL 4181415, at *5 (collecting cases). Second, the stipulation seeks more time to locate one of the remaining deponents. Docket No. 18 at 3-4. Such an assertion begs the question as to why the parties waited until the end of the discovery period to tee up this deposition. *Cf. My Home Now, LLC v. JPMorgan Chase Bank, N.A.*, 2016 WL 6433960, at *2 (D. Nev. Oct. 28, 2016). Diligence has not been shown when judged against the entire period for discovery. As a one-time courtesy to the parties, however, the Court will allow a 14-day extension of the discovery cutoff so that this deposition may move forward.

Accordingly, the stipulation for extension is **GRANTED** in part and **DENIED** in part. Case management deadlines are hereby **RESET** as follows:

- Initial disclosures: closed
- Initial experts: closed
- Rebuttal experts: closed
- Discovery cutoff: May 22, 2023
- Dispositive motions: June 20, 2023
- Joint proposed pretrial order: July 20, 2023, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: May 2, 2023

_____
Nancy J. Koppe
United States Magistrate Judge